IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| YUDINA ROMO, as an individual and on behalf of all similarly situated employees,<br><br>       Plaintiff,<br><br>       v.<br><br>DURHAM SCHOOL SERVICES, L.P.; and DOES 1 through 10, inclusive,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  1:17-cv-1929<br>)<br>)<br>)<br>)<br>) |

JURY TRIAL DEMANDED

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, PENALTIES AND RESTITUTION**

Plaintiff YUDINA ROMO (hereinafter "Plaintiff") as an individual and on behalf of all others similarly situated, complain and allege as follows:

## I.

## INTRODUCTION

1.     This is a class and collective action brought on behalf of Plaintiff YUDINA ROMO and the class she seeks to represent (hereinafter "Plaintiff Class") against DURHAM SCHOOL SERVICES L.P. (hereinafter "Defendant" or "Durham").  Plaintiff challenges DURHAM SCHOOL SERVICES' systematic and illegal employment practices that are violative of the Federal Labor Standards Act ("FLSA") and California Labor Code[1].

---

[1]  Unless noted otherwise, all mentions to the Labor Code refer to California Labor Code.

2.      Plaintiff, individually and on behalf of the class she seeks to represent, seek relief against Defendant for the failure to pay all wages due in violation of the Fair Labor Standards Act. Plaintiff seeks recovery of damages for Defendant's failure to pay minimum wages pursuant to 29 U.S.C. § 206.  Plaintiff alleges Defendant as a result of its nationwide policies and practices, required its non-exempt hourly employees who work for Defendant in the positions of bus drivers, bus aides and other similar positions, to attend a mandatory Durham School Services, L.P. training Course (hereinafter "Durham Training Course"), without paying Plaintiff and Plaintiff Class minimum wages as required under federal law.  Specifically, Plaintiff alleges that she and Plaintiff Class were denied any compensation during the mandated Durham Training Course.  This training course should have been compensated by Defendant Durham because it occurred during employee's regular working hours, attendance was mandated, and the materials reviewed were directly related to employee's job.

3.      Plaintiff seeks recovery of damages for Defendant Durham's failure to pay overtime wages pursuant to 29 U.S.C. § 207.  Plaintiff alleges Defendant subjected and continues to subject its non-exempt hourly employees who work for Defendant in the position of bus driver, bus aide and other similar positions, to its policy and practice of failing to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

4.      Plaintiff, individually and on behalf of the class she seeks to represent, seek relief against Defendant for (1) the failure to pay all wages due in violation of Labor Code sections 510, 1194, including both regular and overtime wages; (2) the failure to provide meal and rest periods or compensation in lieu thereof pursuant to Labor Code sections 226.7 and 512, Sections 11 and 12 of the California Industrial Wage Commission ("IWC") Wage Order No. 9, and Title 8, section

11000 et seq of the California Code of Regulations,.; (3) the failure to provide accurate itemized wage statements upon payment of wages pursuant to Labor Code sections 226, subdivision (a), 1174, and 1175, and Section 7 of the IWC Wage Order No. 9; and (4) the failure to pay wages of terminated or resigned employees pursuant to California Labor Code sections 201-203. Plaintiff further seeks equitable remedies in the form of declaratory relief and injunctive relief, and relief under California Business and Professions Code, section 17200 et seq. for unfair business practices. This class action is within the Court's jurisdiction under Labor Code sections 203, 226, and California Business & Professions Code section§ 17200, et seq. (Unfair Practices Act).

5. At all relevant times herein, Defendant Durham School Services, L.P. and each Doe Defendant, have consistently maintained and enforced against Plaintiff and Plaintiff Class the following unlawful practices and policies: a) willfully refusing to pay Plaintiff and Plaintiff Class for all hours worked, including both regular and overtime; b) willfully refusing to permit Plaintiff and Plaintiff Class from taking 30- minute uninterrupted meal periods or compensation in lieu thereof; c) willfully refusing to permit Plaintiff and Plaintiff Class from taking complaint rest periods or compensation in lieu thereof; d) willfully refusing to furnish to Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages; and e) willlfully refusing to compensate Plaintiff and certain members of the Plaintiff Class wages due and owing at the time Plaintiff ROMO and certain members' employment with Defendant ended.

6. Plaintiff is informed and believe and based thereon allege that each Defendant, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in paying all benefits owed to them, failure to pay final wages pursuant to the Fair Labor Standards Act and Labor Code, and failure to keep proper records in violation of the Labor Code.

7.     Plaintiff is informed and believe and based thereon allege Defendant has engaged in, among other things a system of willful violations of the Fair Labor Standards Act, California Labor Code, California Business and Professions Code, and applicable California IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

8.     Defendant's policies, practices and customs described in this complaint have resulted in unjust enrichment for the benefit of Defendant and constitutes an unfair business advantage over businesses that routinely adhere to the strictures of the federal and state wage and order laws and regulations.

## II.
## JURISDICTION AND VENUE

9.     FLSA authorizes private rights of action to recover damages for violations of FLSA's wage and hour provisions.   29 U.S.C. § 216 (b).   This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10.     This Court also has jurisdiction based on diversity.  28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Defendant's principal place of business is Warrenville, Illinois and Plaintiff is a citizen of California.  Furthermore, the amount in controversy exceeds $75,000.

11.     This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in Northern District of Illinois because the Defendant is subjected this Court's personal jurisdiction because Defendant is located in Warrenville, Illinois.  28 U.S.C. § 1391.

13.     Prior to filing this complaint, on April 12, 2016, Plaintiff gave written notice by certified mail to the Labor Workforce Development Agency ("LWDA") and to Defendant DURHAM SCHOOL SERVICES, L.P. of the specific provisions alleged to have been violated, including facts and theories to support the alleged violations as required by California Labor Code § 2699.3. Attached hereto as Exhibit "A" is a true and correct copy of the letter to the LWDA, dated April 12, 2016 and certified mail return receipts from Defendant and the LWDA.

14.     The LWDA has not responded within 65 calendar days of the date the letter was mailed to it. Therefore, Plaintiff has exhausted administrative remedies as required by California Labor Code Section 2699.3 and may proceed with claims under California's Private Attorneys General Act ("PAGA").

### III.
### THE PARTIES

**A.     The Plaintiff**

15.     Plaintiff, at various times herein relevant, was employed by the Defendant for at least four (4) years prior to the commencement of this action. Plaintiff was employed by the Defendant during the Class Period in a non-exempt hourly position as bus aides, bus drivers, or related positions. Plaintiff Class members are identifiable, current and/or former similarly situated persons who were employed as non-exempt hourly bus aides, bus drivers, and other related positions for the Defendant during the Class Period.

16.     Plaintiff Romo began her employment with Defendant Durham School Services in July 2015 as a bus driver trainee. Later, Romo became a bus aide/bus assistant in October 2015.

///

///

///

### B.     The Defendant

17.     DURHAM SCHOOL SERVICES, L.P. is the employer of Plaintiff and Plaintiff Class during the Class Period.  During the liability period, Defendant employed Plaintiff and similarly situated persons within California and nationwide.

18.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 50, inclusive.  Plaintiff is informed and believe that Defendant and Defendant DOES are legally responsible for violations of FLSA and California Labor Code, including, but not limited to the payment of minimum wages, overtime compensation, rest and meal period compensation and Labor Code section 203 penalties to the Plaintiff Class members by virtue of their unlawful practices.  Therefore, Plaintiff sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

19.     Plaintiff is informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant legally attributable to the other Defendant.

### IV.

### FACTS AND ALLEGATIONS RELATED TO THE NAMED PARTIES

20.     Plaintiff re-allege and incorporate by reference herein all preceding allegations paragraphs as though fully set forth herein.

21.     Defendant is, and at all times relevant to this Complaint was, an "employer" under the applicable federal and state laws and relevant Wage Orders of the IWC.  Plaintiff was, at all times relevant to this Complaint, an "employee" of Defendant as defined under both federal and state law.

22.     Plaintiff began her employment relationship with Defendant DURHAM SCHOOL SERVICES as bus trainee in July 2015 at Defendant's facilities in Carson, California. As bus trainee, she was not paid. Romo was required to complete 20 in class hours a week. Later, as a bus trainee, she was required to complete an additional 20 hours of behind-the-wheel training. This bus training program was advertised as a six to eight-week program. However, in reality, most trainees took 6 months to complete because Durham did not provide adequate trainers for a person to complete the program. Often times, Plaintiff and other bus trainees would arrive to the Defendant's facilities to complete training for the day, but was turned away because no trainer was available. This occurred frequently from July 2015 to December 2015. As a result of participating in the training program without any compensation, Romo suffered financial hardship and looked for paid employment with Defendant.

23.     In October 2015, Romo became as a bus aide/bus assistant at Defendant's facilities in Carson, California. Her rate of pay as a bus aide was approximately $12.00 per hour.

24.     At all relevant times, Plaintiff Romo's job responsibilities as a bus aide/bus assistant included—but not limited—to the following:

- Assist students with entering or exiting the bus in a safe manner.

- Seat students safely using needed seat belts, car seats or wheel chair restraints, etc.

- Serve as a role model for students in demonstrating a positive attitude, good moral character, and integrity.

- Monitor passengers at all times to ensure safety regulations and student conduct rules are followed.

- Exercise student management through communication and discipline per Company policy.

- Document and report any violations or conduct concerns to appropriate authority.

- Physically assist passengers in evacuation of the vehicle in case of emergency.

- Ensure that children take their belongings with them when leaving the bus.

- Assist Driver in keeping the interior of the assigned vehicle clean and presentable.

- Complete all required paperwork and submit to the appropriate employee/department in a timely manner.

- Attend all assigned training, safety meetings, and in-service meetings.

25.     After completing the bus driver training program, Plaintiff Romo was promoted to a bus driver for Defendant.  Plaintiff Romo worked as Defendant's full time employee by working at least forty (40) hours per week.  Romo's rate of pay was approximately $14.00 per hour.

26.     At all relevant times, Plaintiff Romo's job responsibilities as a bus driver included—but not limited—to the following:

- Reports any maintenance problems to Maintenance in accordance with Company procedure and does not operate an unsafe vehicle.

- Physically assists passengers in evacuation of the vehicle in case of emergency.

- Reports to duty on time and maintains route on time but in a safe manner.

- Immediately reports any accident or incident.

- Exercises student management through communication  and  discipline

- Reports discipline problems to school officials as instructed.

- Keeps the interior of the assigned vehicle clean and presentable.

- Presents a neat and professional appearance at all times.

- Ensures vehicle is properly fueled according to facility procedures.

- Completes all required paperwork (including route change sheets, time cards, vehicle repair requests) and submits to the appropriate authority in a timely manner.

- Attends all assigned training, safety meetings and in-service meetings.

- Maintains a cooperative attitude with fellow employees, supervisors, parents, and school personnel; always promoting company goodwill.

- Prepares vehicle for inclement weather conditions, including scraping or cleaning windows, applying tire chains.

- Safely and efficiently utilizes bus equipment, including wheelchair lifts, radios and emergency equipment.

27.     At all relevant times, Plaintiff Romo was as non-exempt hourly employee.  On or about July 2015 through October 2015, Romo was not paid minimum wage pursuant to Defendant's policy and practice of not compensating employees for hours worked while attending Defendant's mandatory training program.  The training course was 20-40 hours per week for 6 months.  After experiencing financial hardship as a result of not being paid as a Durham trainee, Romo applied to become a bus aide/bus assistant.  Her rate of pay as a bus aide was $12.00.  Following Romo's job change from bus aide to driver, her rate of pay rose to approximately $14.00 per hour.

28.     Plaintiff performed work duties and tasks as both a bus driver and bus assistant/aide.  These tasks were of such a nature, quality and duration that Plaintiff was effectively non-exempt employees entitled to receive overtime compensation, meal and rest breaks, and specified payroll records (including, but not limited to, records of hours worked, deductions from

earned wages, applicable wage rates, etc.). Plaintiff was also required to track her work time as if she was a non-exempt employees.

29. Plaintiff Romo was also paid different rates of pay for performing essential bus driving functions. Defendant would pay Romo as a bus driver approximately $15.14 for driving the bus. However, Defendant would reduce the bus driver's rate of pay when the bus driver would fuel the bus ($10.00 per hour), perform maintenance checks required to drive the bus or attend mandatory safety meetings ($14.11). All these tasks were essential functions of a bus driver. Thus, Defendant was required to pay Romo, as a bus driver, the same rate of pay throughout her shift.

30. During her employment with Durham, she was required to be present on site, but was not paid for waiting, this occurred regularly as bus trainee, bus aide and bus driver.

31. Plaintiff was never paid the proper overtime rate for any work they performed for Defendant in excess of forty (40) hours in a single week, and or in excess of eight (8) hours in a single workday.

32. Plaintiff Romo was not paid for all hours worked for the following pay periods: November 2015, December 2015, January 2016 and February 2016. This is not an exhaustive list of Defendant's failure to pay Plaintiff for all hours worked, including overtime pay.

33. Defendant required all employees to sign a meal break waiver agreement. The meal break waiver allowed Plaintiff to waiver her first meal period when her work period would be completed within six (6) hours. However, in practice, Plaintiff Romo often worked longer than 6 hours and did not receive her meal break period. These occurrences frequently occurred on her field trip assignments and when Durham's safety meetings were scheduled immediately after her morning route and before her midday route shifts. For instance, Plaintiff was required to stay with her bus during field trips and was not allowed to take a break despite being on duty for more than

six hours. Plaintiff was also unable to take her meal break period when Defendant would schedule mandatory safety meetings in between her driving shifts. Effectively, Plaintiff worked longer than six hours without being able to take a meal break. Plaintiff was not paid a premium for her missed meal breaks. This occurred during the pay periods of January 29, 2016 to February 11, 2016, January 15, 2016 to January 28, 2016, January 1, 2014 to January 14, 2016, November 6, 2015 to November 19, 2015, October 23, 2015 to November 05, 2015. The aforementioned is not an exhaustive list of the missed meal and rest periods.

34. Defendant knew Plaintiff was (active or constructive) working through their meal periods, and were not being compensated for that time. Defendant had a uniform and corporate-wide policy that required employees to sign a meal waiver period.

35. Despite Plaintiff signing a meal break waiver agreement, the blanket agreement did not waive Plaintiff's right to meal periods when she worked more than six (6) hours, because the nature and scope of Plaintiff's job did not require meal break waiver agreement. Plaintiff never received her additional one (1) hour of pay that she was entitled to when she did not receive a meal period. Furthermore, she did not receive a second meal break after working ten hours during the work day or an additional hour of pay for the missed second meal break.

36. Additionally, Defendant Durham required its bus drivers to complete a training program. This training program was a minimum 40 hours of classroom and behind the wheel training. This training program was unpaid. Each bus driver was required to sign a Driver Information Sheet that contained Durham's policy on bus driving training.

37. Durham's bus driving training policy stated the "training program prepares you to obtain the appropriate commercial driver's licenses and certifications and instills the importance

Durham School Services places on safety, defensive driving and effective interaction with students."

38.     Defendant Durham School Services did not pay its trainees for completing the aforementioned Durham Driving Training Program despite the training consisting of Durham School Services specific training.  The Durham School Service specific training was unrelated to a person obtaining the appropriate commercial driver's license and certifications.

39.     Plaintiff was required to complete an extensive bus driver training held by Durham School Services as a condition of her employment with Defendant.  This training contained material that was unrelated to obtaining the appropriate commercial driver's licenses and certifications to be a bus driver.  This training was designed to meet the specific needs of Durham School Services.  In December 2015, Plaintiff Romo completed this training.

40.     Plaintiff completed the extensive bus driving training program prior to employment as a bus driver for Defendant Durham School Services.  Plaintiff recalls portions of her training program that was related only to Durham School Services.

41.     Plaintiff have been denied both regular and overtime wages, due to Defendant's uniform and company-wide policies of: (1) denying Plaintiff 30-minute uninterrupted meal periods, (2) legally complaint rest periods, (3) failing to pay overtime, when an employee works over 8 hours in a work day, and (4) failing to pay for all hours worked by not paying for Defendant's specific driving training policy.

42.     During the Class period, Defendant required Plaintiff and Plaintiff Nationwide Sub-Class A and California Sub-Class B members to work "off the clock" and overtime without lawful compensation in violation of state and federal law.  Defendant willfully failed and refused, and continues to fail and refuse to pay compensation for all hours worked, lawful overtime

compensation to the Plaintiff Class Members. Further, Defendant willfully failed and refused, and continues to fail and refuse to pay due and owing wages promptly upon termination of employment to certain Plaintiff Class Members. Defendant implemented a systematic nationwide policy and practice of requiring Plaintiff and Plaintiff Class Members to attend mandatory and compensable Durham School Services specific training. However, Defendant willfully failed and refused to pay Plaintiff and Plaintiff Class Members wages for attending Durham Training Course. This course was administered to all Plaintiff Class Members throughout the class period. Plaintiff and Plaintiff Class Members have never received any wages for attending Durham's mandatory Training Course.

43. Labor Code section 1194 provides notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

44. California Business & Professions Code section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Further Business & Professions Code section 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

45. During all, or a portion of the Class Period, Plaintiff and each member of the Plaintiff California Sub-Class "A" (as defined below), were employed by Defendant and each of them, in the State of California. Plaintiff and each of the members of California Sub-Class "A" were non-exempt bus drivers or related positions covered under Industrial Welfare Commission (IWC) Wage Order No. 9, and/or other applicable wage orders, regulations and statutes, and each

California Sub-Class "A" member was not subject to an exemption for executive, administrative and professional employees, which imposed obligations on the part of the Defendant when Plaintiff and California Sub-Class "A" work a split shift, to pay one (1) hour of pay at minimum wage, in addition to the minimum wage for the workday, provide legally compliant rest and meal periods or compensation in lieu thereof, to provide written notice to Plaintiff California Sub-Class "A" Members the rate or rates of pay and basis thereof, and to pay Plaintiff and Plaintiff California Sub-Class members for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one week, and double-time for hours worked in excess of twelve (12) in one (1) day.

46.     Defendant and each of them failed and/or refused to compensate Plaintiff and Plaintiff California Sub-Class "A" members with one (1) hour's pay at minimum wage, in addition to the minimum wage for the workday, when Plaintiff and Plaintiff Class "A" members work(ed) a split shift.

47.     Defendant and each of them failed and/or refused to schedule Plaintiff and Plaintiff California Break and Recordkeeping Sub-Class (B) (as defined below) in a manner so as to reasonably provide meal and/or rest breaks for Plaintiff and Plaintiff California Break and Recordkeeping Sub-Class (B). Defendant's scheduling policy caused members of Plaintiff Class to work (1) without being given paid ten minute rest periods for every four hours or major fraction thereof worked; (2) without being given a thirty minute meal period for shifts of at least five (5) hours; and (3) a second thirty (30) minute meal periods for working shifts of at least ten hours.

48.      Furthermore, Defendant failed (or refused) to implement a policy and practice to pay Plaintiff California Break and Recordkeeping Sub-Class (B) members one (1) hour's pay at the employee's regular rate of pay as premium compensation for its failure to either provide rest periods and/or lunch periods as proscribed by California wage and hour laws.

14

49.     Defendant failed (or refused) to compensate California Former Employee Penalties Sub-Class (as defined below) for all hours worked when its employment relationship ended with employees.  Plaintiff and California Former Employee Penalties sub-class were entitled to receive compensation for participation in Durham's training program, missed rest periods, missed lunch periods, off the clock work and split shift differentials immediately when the employment relationship ended with Durham.  Therefore, Plaintiffs and California Former Employee Penalties sub-class are entitled to back payment and penalties pursuant to Labor Code sections 201-203.

## COLLECTIVE AND CLASS ALLEGATIONS

50.     Plaintiff re-allege and incorporate by reference all preceding allegations paragraphs as though fully set forth herein.

51.     Plaintiff bring the claims articulated herein on behalf of herself and all persons similarly situated with regard to relevant factors such as job duties and responsibilities; specified employment practices; and job title(s).  Plaintiff brings claims on behalf of approximately five hundred (500) hourly non-exempt employees.  Specifically, Plaintiff brings claims on behalf of four (4) different subclasses, as articulated more fully below

      a.   All persons who are employed or have been employed by Defendant in the United States as non-exempt hourly bus aides, bus drivers, and other related positions, and who took the Durham Training Course ("Training Course") during their employment within three (3) years prior to the filing of the original complaint until date of judgment (FLSA Nationwide Sub-Class A);

      b.   All persons who are employed or have been employed by Defendant in the United States as non-exempt hourly bus aides, bus drivers, and other related positions, and worked "off the clock" and was not paid overtime as result of

their working off the clock during their employment within three (3) years prior to the filing of the original complaint until date of judgment (FLSA Nationwide Sub-Class B);

c.   All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four (4) years prior to the filing of this class action to the present have not been paid all wages owed, including but not limited to wages at the regular rate, and overtime (California Sub-Class A);

d.   All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present have not been provided: (1) a duty-free meal period within the first five hours of their shift per day, and/or a second meal period for drivers who worked shifts in excess of ten hours, and were not provided one hour's pay for each day on which such meal period was not provided; (2) provided a duty-free rest period for every four (4) hours or major fraction thereof worked per day, and were not provided compensation of one hour's pay for each day on which such rest period was not provided; and/or (3) an accurate wage statement as required under Labor Code sections 226 and 1174 (California Break and Recordkeeping Sub-Class B);

e.   All persons who have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four (4) years prior to the filing of this class action to the present and

whose employment with Defendant ended within the four (4) years preceding the filing of this Complaint, and have not been paid all wages pursuant to Cal. Labor Code section 203 and are owed restitution for waiting time penalties for unpaid wages. (California Former Employee Penalties Sub-Class C)

52.     Plaintiff reserves the right to amend or modify the Plaintiff Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

53.     Plaintiff brings claims on behalf of the Nationwide Sub-Class (A) and (B)  as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216.  Plaintiff and the Nationwide Sub-Classes are similarly situated because they have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy and/or plan of willfully and intentionally refusing to pay overtime in violation of the FLSA and for willfully and intentionally failing to pay for all hours worked.  Therefore, Plaintiff's claims under FLSA are similar to the claims of the prospective Nationwide Sub-Class (A) and (B).

54.     Plaintiff brings claims on behalf of both the California Sub-Class (A), California Break and Recordkeeping Sub-Class (B), and California Former Employee Subclass (C) (collectively referred to as "California Subclasses") as a class action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.  The California Subclasses are so numerous that joiner of all members is impracticable.

55.     Common questions of law and fact exist as to all members of both the California Law subclasses that predominate over any questions affecting individual members, including, but not limited to, the following:

a.  Whether Defendant violated Labor Code section 510 by failing to pay for all hours worked including the bus driver training program that included employer

specific training;

b. Whether Defendant violated Labor Code section 510 by failing to pay overtime Compensation to California Subclasses members who worked in excess of forty (40) hours per week/ and or eight (8) hours per day;

c. Whether Defendant violated Labor Code section 510 by failing to pay overtime compensation to California Subclasses members based on an accurate overtime wage that includes their regular rate of pay;

d. Whether Defendant violated Labor Code section 1174 by failing to keep accurate records of employees' work hours for the California Break and Recordkeeping Subclass;

e. Whether Defendant violated Labor Code sections 201 through 203 by failing to pay overtime wages to its employees when their respective employment relationship ended;

f. Whether Plaintiff and members of California Subclasses are entitled to "waiting time" penalties pursuant to Labor Code section 203;

g. Whether Defendant violated Labor Code section 510 failing to pay accurate wages to California Subclasses members when employees worked during their meal periods;

h. Whether Defendant violated Labor Code section 226 by failing to provide semi-monthly itemized statements to California Subclasses members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s);

i. Whether Defendant violated the meal and rest break provisions of Labor Code

sections 226.7 and 512 by failing to afford Plaintiff and the California Subclass members proper meal and rest periods;

j.  Whether Defendant violated California Business & Professions Code sections 17200 and 17208 by failing (1) to pay overtime compensation to Plaintiff and California Subclasses members who worked in excess of forty (40) hours per week, and/or eight (8) hours a day; (2) to accurate calculate overtime compensation to Plaintiff and California subclasses by not including paying for all hours worked; (3) to keep accurate records of employees' hours worked for the California subclasses; (4) to pay all wages due to California sub-classes upon discharge; (5) and to provide meal and rest breaks to the California subclasses; and

k.  What is the proper measure of damages sustained by members of the California Subclasses?

56.  The typicality of the claims or defenses of the representatives of the class are similar.

a.  Plaintiff's claims are typical of those of the California Subclasses (A), and (C) (collectively referred to as "California Failure to Pay subclasses"). Plaintiff, like other members of the California Failure to Pay subclasses, was subjected to Defendant's policy and practice of refusing to pay for all hours worked in violation of California law. Plaintiff' job duties and compensation were also typical of other members of California Failure to Pay subclasses.

b.  Plaintiff's claims are also typical of those of the California Break and Recordkeeping Sub-Class". Plaintiff, like other members of the California

Break and Recordkeeping Sub-Class, was subjected to Defendant's policy and practice of refusing to provide statutory meal and rest breaks, and failing to keep compliant wage records (and provide compliant wage statements), in violation of California law. Plaintiff's job duties and experiences regarding meal and rest breaks and wage statements were also typical of other members of the California Break and Recordkeeping Sub-Classes.

c. Plaintiff' claims are also typical of those of the California Former Employee subclass. Plaintiff, like other members of this class, was subjected to Defendant's policy and practice of refusing to provide statutory meal and rest breaks, and failing to keep compliant wage records (and provide compliant wage statements), failure to pay minimum wages and overtime in violation of California law. At the end of the employment relationship with Defendant, Plaintiff and California Former Employee subclass were immediately owed for all hours worked which included all monies for wage and hour violations previously described. Plaintiff's job duties and experiences and failure to receive prompt payment of wages at the end of employment relationship were also typical of other members of California Former Employee Sub-Class.

57. Based on paragraphs 51-52, there is a community of interest in obtaining both (1) appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and (2) adequate compensation for the damages and injuries that Defendant's actions have inflicted upon Plaintiff Classes.

58. Plaintiff will fairly and adequately represent and protect the interests of all the various subclass members because she does not have a disabling conflict(s) of interest that would

be antagonistic to those of the other class members. Plaintiff has retained counsel who is competent and experienced in state and federal class action wage-and-hour litigation.

59.     Collective and class treatment is superior to alternative methods to adjudicate this dispute because Plaintiff and other class members suffered similar treatment and harm as a result of systematic policies and practices of Defendant. Absent a class and collective action, Defendant's unlawful conduct will be unabated because the damages suffered by individual class members are small compared to the expense and burden of individual litigation. Class certification is also superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Moreover, Plaintiff and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action. Lastly, Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

60.     Without class certification, the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of:

      (1)    Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish incompatible standard of conduct for the Defendant; and/or

      (2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be,

responsible Defendant.

61.     The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above.  Plaintiff's attorneys are competent, ready, willing and able to fully and adequately represent the class and the named Plaintiff.  Plaintiff' attorneys have prosecuted and settled numerous wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in Federal and California courts.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES

**Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**

**(Plaintiff and Nationwide Subclass "A" Members against all Defendants)**

62.     Plaintiff and Plaintiff class re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

63.     This cause of action is brought pursuant to 29 U.S.C. § 206, which provides that employees are entitled to minimum wages and compensation for work performed. At all relevant times as set forth herein, Plaintiff and the Class members, as defined above, were entitled to receive minimum wages for all hours worked.  29 U.S.C. § 206 (a) provides in pertinent part:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rate:


(1)     Except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

64. At all times relevant herein, Defendant was required to compensate Plaintiff and Plaintiff Nationwide Class "A" for all hours attending the Training Course worked by said individuals.

65. As a policy, pattern and practice, Defendant regularly required their employees including Plaintiff and members of Plaintiff Nationwide Class "A" to attend the mandatory Training Course without the payment of any wages, including minimum wages and/or overtime wages. Defendant was aware of such non-payment of wages.

66. As a policy, pattern and practice, Defendant regularly failed to pay Plaintiff and Plaintiff Nationwide Class "A" minimum wage compensation for all training hours worked.

67. Pursuant to 29 U.S.C. § 216(b), Plaintiff and Plaintiff Nationwide Class "A" members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorney's fees.

68. At all relevant times, Defendant acted directly or indirectly in the interest of an employer in relation to Plaintiff and Nationwide Class "A" members. Defendant was an "employer" of Plaintiff and Nationwide Class "A" members as "employer" is defined under 29 U.S.C. § 203. Defendant exercised meaningful control over the work of Plaintiff and Class "A" members.

69. Defendant violated 29 U.S.C. § 206 by failing to pay the Plaintiff and Nationwide Class "A" members minimum wages owed and due to them at the end of the employment relationship.

70. Defendant's willful regular business custom, policy and practice of requiring its employees to attend training sessions without the payment of wages, according to the mandates

of federal law is, and at all times herein mentioned was, in violation of 29 U.S.C. § 206. Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiff and Plaintiff Nationwide Class "A" for minimum wages earned as required by federal law.

71.     The conduct of Defendant and its agents and employees as described herein was willful, oppressive, fraudulent and malicious, done in conscious disregard of the rights of Plaintiff and Plaintiff Nationwide Class "A" Members.   This conduct was carried out by Defendant's managerial employees.   Plaintiff and Plaintiff Nationwide Class "A" are thereby entitled to an award of punitive damages against Defendant, in an amount appropriate to punish and make an example of Defendant, and in an amount to conform to proof.

72.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owed, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit.

73.     As a result of the unlawful acts of the Defendant, Plaintiff and Nationwide Class "A" members have been deprived of compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, and/or pre-judgment interest, attorneys' fees and costs, and other compensation allowable under 29 U.S.C. § 216(b).

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### Fair Labor Standards Act, 29 U.S.C. §§ 207 AND 216

### (Plaintiff and Nationwide Class "B" Members against all Defendants)

74.     Plaintiff and Plaintiff class re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

75.     FLSA, 29 U.S.C. § 207, requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek.

76.     Plaintiff and members of Nationwide Class "B" were not exempt from overtime pay because Defendant classified them as non-exempt.  Further, Plaintiff and nationwide class "A" were not exempt from overtime pay by any exception under Federal law.

77.     Plaintiff and members of Nationwide Class "B" worked more than 40 hours per week, without being paid the proper overtime pay as required by the FLSA because they worked "off the clock."

78.     By the conduct described above, Defendant has failed to pay Plaintiff and members of Nationwide Class "B" overtime compensation as required by federal law.  29 U.S.C., § 216 states:

> Any employer who violates the provisions of Section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

79.     Defendant's conduct in failing to pay overtime compensation as described in this complaint was willful because Defendant knew that its conduct violated the FLSA or showed reckless disregard as to whether its conduct violated the FLSA.

80.     By reason of the above, Plaintiff and members of Nationwide Class "B" demand additional compensation for all hours worked overtime within three years of the filing of the original complaint in this matter until the date of entry of judgment at 1 ½ times their regular rate of pay, plus an equal amount for liquidated damages pursuant to 29 U.S.C. 216, plus interest thereon, plus reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

**FAILURE TO PAY WAGES**

**(Labor Code sections 1194, 1182.12 and 1197)**

**(Plaintiff and California Subclass "A" Members against all Defendants)**

81.     Plaintiff and Plaintiff Class re-allege and incorporate by reference all preceding paragraphs as is fully alleged herein.

82.     Defendant has violated provisions of the Labor Code by failing to pay Plaintiff and California Subclass "A" members similarly situated, minimum wages as required by Labor Code sections 1182.12 and 1197.

83.     Plaintiff is informed and believe and thereon allege that Plaintiff and members of California Subclass Class "A" were not exempt from payment of the minimum wage under any provision of California law and further because they were classified by Defendant as nonexempt employees.

84.     Plaintiff and members of California Subclass Class "A" were required to attend the Training Course and denied minimum wages as required by California law.

85.     Further, Plaintiff and Plaintiff California Subclass Class "A" regularly worked over eight (8) hours per day and forty (40) hours per week.  Defendant failed to pay Plaintiff, and Plaintiff Class "A" overtime premium and/or double-time premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendant. Defendant failed to schedule Plaintiff and Plaintiff California Subclass Class "A" in such a manner that allowed Plaintiff and Plaintiff California Subclass Class "A" to be relieved of their shift immediately, thereby causing Plaintiff and Plaintiff California Subclass A to work in excess of eight (8) hours per day and/or forty (40) hours per week.  As such Plaintiff and Plaintiff California Subclass "A" seek overtime and/or double-time in an amount according to proof. Pursuant to Labor Code section 1194, the Plaintiff California Subclass Class "A" seeks the payment of all overtime and/or double-time compensation which they earned and accrued four (4) years prior to filing this Complaint, according to proof.

86.     Defendant has willfully violated the Cal. Labor Code by failing to pay Plaintiff and Plaintiff California Subclass Class "A" members all wages.  Plaintiff and Plaintiff California Subclass Class "A" were denied wages as a result of Defendant's policy of having Plaintiff and Plaintiff California Subclass Class "A" work through meal and/or rest periods and having Plaintiff and Plaintiff California Subclass Class "A" work "off the clock."   Further, Defendant has regularly violated the Cal. Labor Code with respect to meeting the requirements of paying wages earned, including, overtime, double-time and remuneration when calculating the employees regular rate of pay, as herein before alleged.  Defendant has intentionally excluded remuneration that must be included in all employees' regular rate of pay in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and the order issued by the IWC. Thereby, Defendant is able to reduce its overhead and operating expenses and gain an unfair

advantage over competing companies complying with state law.

87.    Additionally, Plaintiff and Plaintiff California Subclass Class "A" are entitled to attorneys' fees, costs, pursuant to Labor Code sections 218.5, 226, 558, and 1194, and prejudgment interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO COMPLY WITH LABOR CODE SECTION 2810.5

**(Plaintiff and California Class "A" Members against all Defendants)**

88.    Plaintiff and Plaintiff California Subclass A re-allege and incorporate by reference all preceding paragraphs as is fully alleged herein.

89.    California's Wage Theft and Prevention Act of 2011 ("WTPA"), which includes Labor Code section 2810.5 requires that all employers provide notice to new and current non-exempt hourly employees a particularized notice about their wages.  Labor Code section 2810.5, subdivision (b) specifically provides "An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven (7) days after the time of the changes…"

90.    At all times relevant hereto, Defendant, and each of them, failed to provide Plaintiff and Plaintiff California Subclass Class "A" Members with proper notice of their wages.

91.    Plaintiff individually, and on behalf of the Plaintiff California Subclass Class "A", request recovery of penalties under Labor Code section 2699, subdivisions (f)(1) and (2), which provides for a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

/ / /

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### Labor Code Sections 226.7, 512

### (Plaintiff and California Break and Recordkeeping Sub-Class (B) against all Defendants)

92.     Plaintiff and Plaintiff Class re-allege and incorporate by reference all preceding paragraphs as is fully alleged herein.

93.     Labor Code sections 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.  An employer is also required to provide a second meal period of less than thirty (30) minutes if an employee works more than ten (10) hours in a workday.

94.     Labor Code section 226.7 provides that if an employer fails to provide an employee a duty-free meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

95.     Defendant, and each of them, failed to implement a policy and practice of providing to Plaintiff and California Break and Recordkeeping Sub-Class (B) duty-free meal periods within the first five (5) hours of their work shifts and/or a second duty-period meal period for employees who worked more than ten (10) hours in a workday.  In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiff and California Break and Recordkeeping Sub-Class (B) in violation of the Labor Code sections 226.7 and 512 and other regulations and statutes.

96.     At all times relevant hereto, Plaintiff and California Break and Recordkeeping Sub-Class (B) have worked more than five (5) hours in a workday. At varying times relevant hereto, Plaintiff and California Break and Recordkeeping Sub-Class (B) at times have worked more than ten (10) hours in a workday.

97.     Plaintiff individually, and on behalf of the Plaintiff and California Break and Recordkeeping Sub-Class (B), request recovery of meal period compensation pursuant to Labor Code section 226.7 which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or other statutes, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**Labor Code section 226.7**

**(Plaintiff and California Break and Recordkeeping Sub-Class (B) against all Defendants)**

98.     Plaintiff and Plaintiff Class re-allege and incorporate by reference all preceding paragraphs as is fully alleged herein.

99.     Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or major fraction thereof.

100.    Labor Code section 226.7(b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

101.    Defendant, and each of them, failed and or refused to implement a policy or practice by which Plaintiff and California Break and Recordkeeping Sub-Class (B) could receive rest periods and/or work free rest periods.  Furthermore, Plaintiff and Plaintiff Class did not receive their rest periods within the required statutory time frame.  By and through their actions, Defendant intentionally and improperly denied rest periods to the Plaintiff and California Break and Recordkeeping Sub-Class (B) in violation of Labor Code section 226.7 and California IWC Wage Order 9-2001, Section 12(A).

102.    At all times relevant hereto, Plaintiff and Plaintiff and California Break and Recordkeeping Sub-Class (B), have worked more than three and one-half (3 1/2) hours in a workday.

103.    By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and California Break And Recordkeeping Sub-Class (B) as a result of their failure to make rest periods available, Plaintiff and California Break And Recordkeeping Sub-Class (B) have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which will be ascertained according to proof at trial.

104.    Plaintiff themselves, and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to Labor Code section 226.7, which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute, plus attorneys' fees and costs.

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### Labor Code sections 226, 1174

### (Plaintiff and California Break and Recordkeeping Sub-Class (B) against all Defendants)

105.     Plaintiff and Plaintiff Class re-allege and incorporate by reference all preceding paragraphs as is fully alleged herein.

106.     Labor Code section 1174, subdivision (d) requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee. Plaintiff is informed, and believe that Defendant willfully failed to make or keep accurate records for Plaintiff and California Break and Recordkeeping Sub-Class (B).

107.     Further, Labor Code section 226, subdivision (a) states that, "every employer shall...at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check...an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee...; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions...; (5) net wages...; (6) the inclusive dates of the period for which the employee is paid...; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee..."

108.     California IWC Wage Order Number 9-2001, paragraph 7(A) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff is informed, and believe that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff believe that Defendant's records do not accurately reflect where Plaintiff and California Break and Recordkeeping Sub-Class (B) worked during their meal and/or rest breaks due to Defendant's failure to schedule Plaintiff and Plaintiff Class in a manner so as to provide them with a meal and/or rest period.

109.     Plaintiff is informed, and believe that Defendant's failure to keep accurate wage statements, as described above, violated Labor Code section 1174 subdivision (d) and the applicable wage order.  Plaintiff and the California Break and Recordkeeping Sub-Class (B) are entitled to penalties of one hundred dollars ($100.00) for the initial violation and two hundred dollars ($200.00) for each subsequent violation for every pay period during which these records and information was not kept by Defendant.

110.     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees pursuant to Labor Code Section 226, subdivision (e).

111. Plaintiff is informed and believe that Defendant's failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiff and California Break and Recordkeeping Sub-Class (B) are entitled to statutory penalties for Plaintiff and each member of Plaintiff California Break and Recordkeeping Sub-Class (B) pursuant to Labor Code section 1174.5.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT

### Labor Code section 203

### (Plaintiff and Plaintiff California Former Employee Penalties Sub-Class Members against all Defendants)

112. Plaintiff and California Former Employee Penalties Sub-Class re-allege and incorporate by reference all preceding paragraphs as is fully alleged herein.

113. Plaintiff and certain members of the California Former Employee Penalties Sub-Class who ended their employment with Defendant during the Class Period, were entitled to be promptly paid lawful overtime compensation and other premiums, as required by Labor Code sections 201-203. Defendant refused and/or failed to promptly compensate Plaintiff and California Former Employee Penalties Sub-Class wages owed as a result of their failure to provide meal and/or rest periods as well as pay overtime compensation. Pursuant to Labor Code section 203, such Plaintiff and California Former Employee Penalties Sub-Class seek the payment of penalties pursuant to Labor Code section 203, according to proof.

114. Accordingly, Plaintiff and California Former Employee Penalties Sub-Class are entitled to attorney's fees, and costs, pursuant to Labor Code section 1194 for the underlying claims related to this claim, including but not limited to the recovery of unpaid overtime.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION LAW

### (Plaintiff and California Subclasses Members against all Defendants)

115.    Plaintiff and Plaintiff California Subclasses re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs.

116.    California Business and Professions Code section 17200 et seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibit unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

117.    California Business & Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

118.    Labor Code section 90.5, subdivision (a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

119.    Beginning at an exact date unknown to Plaintiff, but at least (4) four years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint including but not limited to violations of Labor Code sections 512 and 226 as well as other statutes.

/ / /

/ / /

120.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of California Business & Professions Code section 17200 et seq.

121.    The acts and practices described above constitute unfair, unlawful and fraudulent Business Practices, and unfair competition, within the meaning of California Business & Professions Code section 17200 et seq. Among other things, the acts and practices have forced Plaintiff and other similarly situated employees to labor for many hours without receiving their meal and rest periods, to which they are entitled by law, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

122.    As a direct and proximate result of Defendant's acts, Plaintiff and Plaintiff California Subclasses have suffered injury in fact in being denied their statutorily entitled meal and rest periods. As a result of Defendant's unlawful acts of unfair competition, Plaintiff and Plaintiff Class have lost money and property in the form of meal and rest period premiums in an amount to be proven at trial.

123.    California Business & Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

124.    California Business & Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff and Plaintiff Class are entitled to restitution pursuant to California Business & Professions Code section 17203 for all payments unlawfully withheld

from employees, including the fair value of the meal and rest periods taken away from them, during the four-year period prior to the filing of this Complaint.

125. California Business and Professions Code Section 17202 provides, "Notwithstanding section 3369 of the [California] Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to California Business & Professions Code section 17202.

126. Plaintiff' success in this action will enforce important rights affecting public interest, and in that regard Plaintiff sue on behalf of the general public, as well as individuals and other similarly situated employees. Plaintiff and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

127. Plaintiff herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to California Code of Civil Procedure section 1021.5 and otherwise.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE PRIVATE ATTORNEY'S GENERAL ACT
### [Cal. Lab. Code sections 22698-2699.5]

128. Plaintiff and Plaintiff Class re-allege and incorporate by reference all preceding paragraphs as is fully alleged herein.

129. Under the Private Attorneys General Act of 2006, California Labor Code sections

2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties. These penalties are in addition to any other relief available under the California Labor Code.

130.    As set forth above, Defendant has committed numerous violations for which the California Labor Code provides for penalties, including violations of sections 201, 202, 203, 207, 223, 226, 226.7, 510, 512, 1194, 1197, and 1198.

131.    Plaintiff provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case contemplated with the filing of this complaint. Notice was sent on April 12, 2016.  The LWDA did not respond to Plaintiff's letter.   Plaintiff has therefore exhausted applicable administrative remedies as required by Labor Code section 2699.3.

132.    As a direct result of Defendant's conduct as described, Plaintiff is entitled to recover, on her own behalf and on behalf of other aggrieved employees, the maximum civil penalties permitted by the Private Attorneys General Act from Defendant for all violations of California Labor Code sections 201, 202, 203, 207, 223, 226, 226.7, 510, 512, 1194, 1197, and 1198, as well as reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff Class pray for judgment as follows:

1.  For an order certifying the proposed Class and all subclasses;

2.  For an order appointing Plaintiff as the representative of the Class and/or any subclasses;

3. For an order appointing Counsel—Mahoney Law Group and local counsel—for Plaintiff as Class counsel;

4. For compensatory damages;

5. For nominal damages;

6. For liquidated damages, pursuant to 29 U.S.C. § 216(b);

7. For restitution of all monies due to Plaintiff and Plaintiff Class, and disgorged profits from the unlawful business practices of Defendant;

8. For penalties pursuant to Labor Code sections 226, 226(e), 226.7, 512, 1194, and 2699;

9. For interest accrued to date;

10. Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

11. Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of California Business & Professions Code section§ 17200, et seq.;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226 and 1194; and reasonable attorneys' fees pursuant to Labor Code sections 226 and 1194; and the Fair Labor Standards Act; and

13. For all such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

14. Plaintiff hereby demands a jury trial on all applicable causes of action.

Respectfully submitted

March 10, 2017                                      **MAHONEY LAW GROUP, APC**


*/s/Morgan Glyn*_____
Morgan E. Glynn, Esq.
Lisa Clay, Esq. (Local Counsel)
**Attorneys for Plaintiff YUDINA ROMO as
an individual and on behalf of all similarly
situated employees**

Morgan E. Glynn
mglynn@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 East Ocean Blvd., Suite 814
Long Beach, CA  90802
Telephone: (562) 590-5550
Facsimile:  (562) 590-8400
ARDC #62322539


Lisa L. Clay, Attorney at Law (Local Counsel)
lclayaal@gmail.com
345 North Canal Street Suite C202
Chicago, IL 60606
Phone: (312) 753-5302
Fax: (312) 544-4415
ARDC # 6277257

# EXHIBIT A



**MAHONEY**
LAW GROUP, APC

Na'Shaun L. Neal
562.590.5550 phone
562.590.8400 facsimile
nneal@mahoney-law.net

February 14, 2017

*Via Certified Mail –716 1370 0000 2464 6270*
*Return Receipt Requested*
LABOR AND WORKFORCE DEVELOPMENT AGENCY
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

*Via Certified Mail – 7016 1370 0000 2464 6263*
*Return Receipt Requested*
Durham School Services, L.P.
Attn: CT Corporation System
4300 Weaver Parkway
Warrenville, IL 60555

## NOTICE OF LABOR CODE VIOLATIONS
## PURSUANT TO LABOR CODE SECTION § 2699 et seq.

**To:**   California Labor and Workforce Development Agency and Durham School Services, L.P.

**From:**  Yudina Romo, on behalf of herself and aggrieved employees who were subject to the employer's wage and hour policies as set forth below.

**Re;**   Yudina Romo v. Durham School Services, L.P.

Please note that this firm, the Mahoney Law Group, APC, represents the interests of Yudina Romo and all other aggrieved employees who intend to file a complaint alleging various Labor Code violations.

### Factual Statement

On or about October 2015, Ms. Romo began working for Durham School Services as a Bus Aide. Several months later, Ms. Romo became a Bus Driver for Durham. As a condition of employment, Ms. Romo was required to take an unpaid training course. This training course consisted of Durham specific training. Throughout her employment with Durham, she was

LABOR AND WORKFORCE DEVELOPMENT AGENCY
February 19, 2016
Page 2 of 3

guaranteed 4 hours of work. However, Durham had a consistent practice of paying her less than the guaranteed hours. Furthermore, throughout her employment Durham failed to provide meal and rest break periods.

## Theories of Labor Code Violations and Remedies

Ms. Romo will allege that Durham School Services, L.P. ("Durham") violated various sections of the Labor Code, including sections 510 and 1194, by failing to provide Ms. Romo and all other aggrieved employees overtime compensation for such excess hours.

Ms. Romo as well as their co-workers were regularly not compensated for all minimum wages as well as overtime for all hours worked, which is in violation of Labor Code, sections 510, 1182.12, 1194, 1197 and is actionable under Labor Code, section 2699.5.

Ms. Romo will also allege that Durham violated Labor Code, sections 201 and 202, et seq., due to their uniform policy, practice and procedure of willfully failing to pay all wages owed of all such former employees. Ms. Romo and all other aggrieved employees that no longer work for Durham will seek payment for one (1) day of pay in penalties for each day that he or she was paid late up to a maximum of thirty (30) days.

Ms. Romo intends to allege Durham violated Labor Code, section 226 as part of its ongoing business practice, by failing to provide its employees with proper and understandable itemized wage statements.

Ms. Romo intends to allege Durham violated Labor Code, section 2802 as part of its ongoing business practice, by failing to reimburse her for all necessary expenditures or losses incurred as a direct consequence of her discharging her duties as a Durham' employee.

Ms. Romo will further allege Durham violated Labor Code, section 226.7, due to its ongoing practice of discouraging and dissuading Ms. Romo and other aggrieved employees from taking rest breaks of not less than ten (10) minutes.

Ms. Romo will also allege Durham further violated Labor Code, section 226.7 by failing to provide legally compliant meal periods in addition to impeding, discouraging and/or dissuading Ms. Romo and other aggrieved employees from taking legally compliant meal periods.

Ms. Romo will allege that as a result of Durham violating Labor Code, section 226.7, Ms. Romo as well as all other aggrieved employees are entitled to damages equal to one (1) hour of wages per missed meal and rest period.

Accordingly, Ms. Romo will allege in her complaint that Durhamn violated Labor Code, section 204 when Ms. Romo and her co-workers did not receive all their wages in a timely fashion as a result of Defendant's policies.

Ms. Romo will seek to represent herself, a putative class of employees, and all other aggrieved

LABOR AND WORKFORCE DEVELOPMENT AGENCY
February 19, 2016
Page **3** of **3**

employees who were employed by Durhamn.

Please advise if the LWDA has any objection to my client's inclusion of PAGA claims in her complaint. We look forward to your response. Please feel free to contact our office if you have any comments or questions.

Sincerely,

Na'Shaun L. Neal
**MAHONEY LAW GROUP, APC**

NLN/npr